UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
STATE OF LOUISIANA

| | | |
|---|---|---|
| KAY B. DUGAS | * | CIVIL ACTION NO. _____ |
| | * | |
| VERSUS | * | JUDGE _____ |
| | * | |
| LOWE'S HOME CENTERS, LLC | * | MAGISTRATE JUDGE _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes complainant, KAY B. DUGAS, a person of the full age of majority and a resident of Lafayette, Lafayette Parish, Louisiana, who, for her Complaint respectfully alleges as follows:

I.

This cause of action arises pursuant to 28 U.S.C.A. §1332, Diversity of Citizenship.

II.

Made defendant herein is:

a) LOWE'S HOME CENTERS, LLC (hereinafter referred to as "LOWE'S"), who, upon information and belief is a foreign business corporation authorized to do and doing business within the State of Louisiana, and within the Western District of Louisiana, and who may be served through their registered agent for service of process listed as Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana 70802.

III.

On or about August 17, 2020, complainant, Kay B. Dugas was a patron of the Lowe's store located at 1130 E. Landry Street, Opelousas, Louisiana 70570.

IV.

Upon information and belief, the store premises located at 1130 E. Landry Street, Opelousas, Louisiana 70570, is owned, operated managed and controlled by defendant, Lowe's.

V.

On the day in question, complainant, Kay B. Dugas, was walking in the garden center when she stepped into an uncapped sewer line hole causing severe injuries to complainant.

VI.

Upon information and belief, employees of Lowe's knew that the sewer line hole was broken and uncapped.

VII.

Upon information and belief, employees of Lowe's failed to place any warning signs, cones, barricades or other notation of the exposed uncapped sewer line hole prior to being encountered by your complainant, Kay B. Dugas.

VIII.

Upon information and belief, as a result of the negligence of Lowe's employees in failing to place warning signs, and/or cones around the uncapped sewer line hole, or otherwise providing notification to patrons of Lowe's of a dangerous condition existing in the designated walkway in the Garden Center of Lowe's, your complainant, Kay B. Dugas, stepped into and tripped over the uncapped sewer line hole causing severe injuries.

IX.

Upon information and belief, Lowe's personnel were aware of the dangerous condition existing in the Garden Center and failed to take sufficient precautions to protect your complainant from the dangerous trip hazard which resulted in severe personal injuries.

X.

Upon information and belief, Lowe's personnel were aware of and advised that the Garden Center had an uncapped sewer line hole which needed a cone and/or barricade around it as not to

create a trip hazard in the walk way in the Garden Center.

XI.

Upon information and belief, defendant, Lowe's, and its employees/personnel were negligent in having knowledge of an unreasonably dangerous condition and in failing to place sufficient warning barriers around the dangerous condition or otherwise remedy the dangerous condition and thus causing or contributing to the accident in question.

XII.

The above-described accident was not caused by any fault and/or negligence on the part of plaintiff, Kay B. Dugas, but rather was caused by the sole negligence and fault of defendant, Lowe's, their agents and/or employees, in the following non-exclusive manners:

a. Failing to provide its patrons, and especially Kay B. Dugas, with a safe place to shop under the circumstances;

b. Failing to provide proper markings, warning signs, or signals to notify its patrons, and especially Kay B. Dugas, of a dangerous condition existing in the designated shopping path on the store premises;

c. In allowing the existence of a dangerous and defective condition to remain after discovery;

d. In failing to warn complainant, Kay B. Dugas, of the dangerous conditions existing int the shopping path;

e. In discovering and in failing to provide the necessary covering of the uncapped sewer line hole as to prevent patrons, and especially Kay B. Dugas from tripping on an exposed, dangerous condition shopping in the Garden Center;

f. In failing to place warning signs or other guard barriers around the uncapped sewer line hole and exposing patrons, especially Kay B. Dugas to the dangerous conditions existing on their premises;

g. In failing to maintain the area in question in a safe condition;

h. In failing to do what they should have done or seen what they should have seen in order to avoid this accident;

      i. Any other particular negligence which may be proven at trial of this matter.

XIII.

As a result of the aforesaid accident, complainant, Kay B. Dugas, sustained permanent and crippling injuries to her body, including, but not limited to, injuries to her left foot and ankle, right knee, left knee, neck, shoulders and lower back and body as a whole.

XIV.

Complainant, Kay B. Dugas, is entitled to recover from Defendant, Lowe's, for all damages alleged herein and such amounts as are reasonable in the premise, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings.

XV.

Complainant, Kay B. Dugas, has incurred damages as a result of defendant, Lowe's negligence and makes claims for the following non-exclusive damages:

  a. Past medical expenses;

  b. Future medical expenses;

  c. Past and future physical pain and suffering;

  d. Past and future mental and emotional anguish;

  e. Past and future loss of enjoyment of life;

  f. Permanent impairment;

  g. Any and all other damages to be proven at the trial of this matter.

WHEREFORE, complainant, KAY B. DUGAS, prays that defendant, LOWE'S HOME CENTERS, LLC, be duly cited and served with a copy of this complaint, and that after all due proceedings are had, there be judgment rendered herein on favor of complainant, KAY B. DUGAS and against, defendant, LOWE'S HOME CENTERS, LLC, for monetary damages, both general

and special, in the full and true sum in amounts that are reasonable under the premises, to be proven at the trial of this matter, plus costs of these proceedings, together with legal interest from the date of judicial demand and for any and all equitable or just relief as the law and equity may allow.

    Respectfully submitted:

    WELBORN & HARGETT, LLC

    BY: /s/ Jacob H. Hargett
        JASON M. WELBORN (#26548)
        JACOB H. HARGETT (#32490)
        1540 W. Pinhook Road
        Lafayette, LA 70503
        Telephone: (337) 234-5533
        Facsimile: (337) 769-3173
        Email: jason@wandhlawfirm.com
        jacob@wandhlawfirm.com
        Attorneys for Complainant,
        KAY B. DUGAS

**LOWE'S HOME CENTERS LLC**
Through its Registered Agent for Service of Process,
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana 70802